EWING ET AL. *v.* THE TRUSTEES OF THE TOWN OF CLARKS-
VILLE.

CLARKE'S GRANT.—*Power of Trustees to Loan.*—*Promissory Note.*—Under section 2 of the act of the Legislature of Virginia of 1783, concerning Clarke's Grant, 2 R. S. 1876, p. 711, the trustees mentioned therein, and their successors, had power to loan out the proceeds of the sales of lots in the town of Clarksville, taking therefor, payable to such trustees, the promissory note of the borrower.

SAME.—*Loan to One of Trustees.*—It is no defence to such a note that the

VOL. LXI.—9

borrower was himself one of such trustees, at the time he borrowed such money and executed such note.

SAME.—*Number of Trustees.*—*Municipal Powers of.*—By the act of June 17th, 1852, Special Acts 1852, p. 96, "amendatory of the charter of the town of Clarksville," etc., the number of such trustees was reduced to three, and corporate municipal powers were thereby conferred upon them.

From the Clarke Circuit Court.

*J. H. Stotsenburg*, for appellants.

*J. G. Howard* and *J. F. Reed*, for appellees.

NIBLACK, C. J.—The trustees of the town of Clarksville sued George W. Ewing and Henry H. Ewing, on a promissory note, as follows:

"$319.        JEFFERSONVILLE, June 9th, 1869.

"Twelve months after date we or either of us promise to pay to the Board of Trustees of the town of Clarksville the sum of three hundred and nineteen dollars, with interest at the rate of 8 per cent. per annum, payable without any relief from valuation or appraisement laws.

"G. W. EWING.

"H. H. EWING."

The defendants answered in four paragraphs:

1. That the sole consideration for the note sued on was money loaned by the trustees of the town of Clarksville to said George W. Ewing, and that all of the money so loaned was money arising from the sale of lots in the town of Clarksville, in the manner prescribed by the act of the Legislature of Virginia, passed in 1783, printed with the laws of this State; that, by the terms and provisions of said act, said trustees had authority to apply said moneys in such manner as they might judge most beneficial for the inhabitants of the said town of Clarksville, and no authority whatever was given to them by said act to lend said money to any person or corporation whatever. Wherefore the defendants averred, that said note was given solely for an illegal consideration.

2. That, at the time said note was executed, the sole consideration therefor was money loaned by the plaintiffs

to the defendant George W. Ewing, and that the defendant Henry H. Ewing was only surety on said note ; that, at the time said money was loaned to said George W. Ewing, he was one of the trustees of said town of Clarksville, and all the money so loaned to him, and for which the note sued on was given, was money arising from the sale of lots in Clarksville by the plaintiffs in the manner prescribed by the act of the Legislature of Virginia, passed in 1783, published with the Revised Statutes of 1852, of this State, and from no other source.

3. That after the execution of the note sued on, and before the commencement of this suit, the plaintiffs ceased to exist as a corporation, in the following manner : By reason of the death, removal out of Clarke county, and other legal disabilities of divers members of said board of trustees of said town of Clarksville, the number of said trustees, which was fixed at ten by the act of the Legislature of Virginia, passed in 1783, was reduced to five, and the remaining trustees failed to supply the vacancies thus occurring from time to time, by electing other persons to fill such vacancies, before the number of such trustees was so reduced to five, as aforesaid. .

4. That, when said note was executed by said defendants, there was no law whatever, either of the State of Virginia or of Indiana, or enacted by any other competent authority, which organized the plaintiffs into a corporation or authorized them to act as such in any manner whatsoever.

Demurrers were sustained to each one of the paragraphs of the answer, and, the defendants refusing to answer further, judgment was rendered against them for the amount of the note, with interest.

Errors are assigned here upon the rulings of the court in sustaining the demurrers to the several paragraphs of the answer, as above stated.

We think the demurrers were correctly sustained to all the paragraphs of the answer.

By the act of the Virginia Legislature of 1783, referred to in the first and second paragraphs, a very large discretion was given to the trustees of the town of Clarksville, in regard to the application and investment of the funds which might come into their hands, and we can not see that either one of those paragraphs alleged facts showing an abuse of that discretion. Certainly no abuse was alleged in either one of them of which the defendants could avail themselves as a defence, or which afforded the defendants any excuse for not refunding the money which they admit they borrowed of the plaintiffs.

The third and fourth paragraphs both seem to have ignored the existence of "An act amendatory of the charter of the town of Clarksville in Clarke and Floyd counties," approved June 17th, 1852. Special Acts 1852, p. 96.

That act limited the number of trustees of said town of Clarksville to three, and provided the manner in which such three trustees should thereafter be elected or appointed, conferring upon them in legal effect corporate municipal powers; also named three persons to act as such trustees until their successors should be chosen and qualified.

Tested by the provisions of this act, the third and fourth paragraphs of the answer were, also, obviously insufficient as defences to the action.

The judgment is affirmed, at the costs of the appellants.

Petition for a rehearing overruled.